Bryan J. Freedman (SBN 151990)
bfreedman@ftllp.com
Sean M. Hardy (SBN 266446)
smhardy@ftllp.com
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Telephone: 310-201-0005
Facsimile:  310-201-0045

Attorneys for Plaintiff Machinima, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHINIMA, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>FREEPLAY MUSIC, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT [28 U.S.C § 2201]**<br><br>**(2) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)** |

Plaintiff Machinima, Inc. ("Machinima" or "Plaintiff") alleges as follows:

## INTRODUCTION

1.       Defendant Freeplay Music, LLC (" Freeplay "  or  " Defendant " ) is in the business of providing production catalog music to consumers who create videos to display on YouTube.  However, unlike the legitimate businesses operating in this market niche, Freeplay's business model is premised on enticing consumers with the promise of "free music" and then, after the consumer has

1
**COMPLAINT**

availed himself of this offer, turning around and attempting to extort great sums of money from the consumer for the use of such "free music." By its conduct, Freeplay aptly fits the definition of the term "Copyright Troll."

2. Freeplay has gone to great pains to mislead the public that the music on its website is available for "free," starting with its very name - "Freeplay." Such efforts have succeeded: when a consumer enters a simple Google search for "free music," Freeplay is one of the first websites to come up. Upon entering Freeplay's homepage, the consumer is met with large text which prominently states that Freeplay offers "FREE MUSIC FOR YOUTUBE AND <u>MORE</u>." After luring in unsuspecting consumers with the promise of "free" music, Freeplay then encourages these consumers to use the music, including in their own YouTube videos. After the consumer follows Freeplay's advice, Freeplay then traps the consumer by demanding that he or she pay outrageous "license fees" for the use of music that was supposedly "free." Unlike most content owners, once a consumer uses Freeplay's music in a fashion Freeplay deems to be "illegal," Freeplay does not simply issue a takedown notice and request that the consumer remove the content. Instead, Freeplay sends the individual consumer a shakedown demand, threatening litigation if the consumer does not pay Freeplay an outrageous "license fee." These shakedown demands are typically made by TuneSat, LLC – ostensibly a third party "monitoring" the web for supposed infringement on behalf of Freeplay. In fact, both TuneSat and Freeplay were founded by Scott Schreer, the current CEO of both. Both TuneSat and Freeplay coordinate with one another in this deceptive scheme perpetrated on content creators. Furthermore, in making these outrageous demands, Freeplay refuses to identify to the target of the shakedown all of the allegedly infringing content. This is NOT how a business that wishes to legitimately license and protect its content would behave. But Freeplay is not really in the content license business. Freeplay conducts its business in a very different manner – a "bait and switch" followed by extortion.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.      Machinima is in the business of providing online media content to consumers.  It does so, in part, through the operation of a Many2Many programming service ("M2M") on the media sharing website YouTube and elsewhere.  Through its M2M, Machinima provides multi-media content to users of YouTube.  In addition to producing original content, Machinima also has relationships with more than thirty thousand other YouTube channels operated by individual artists and content-creators – providing a greater audience and branding opportunities for their creative output through its M2M.  Machinima provides these young and up-and-coming artists with an extraordinary platform to further their careers and broaden their appeal.  The M2M model is so beneficial to these young artists precisely because they lack the financial resources to market their creative output on a mass scale.  Collectively, Machinima's M2M achieves more than three billion unique YouTube views per month.

4.      Freeplay is also in the business of providing online media content to consumers.  As its name inherently suggests, Freeplay markets itself as offering "free" music for download to consumers.  The reality is far different.  Freeplay is actually a for-profit enterprise.  It entices unsuspecting members of the public to download its music, by claiming the use of such music is free – including, specifically, the use of such music on YouTube.  After the consumer has downloaded the music and used it in virtually any manner, Freeplay contacts the consumer and demands a license fee for the allegedly unauthorized use of copyrighted material.  Had Freeplay engaged in truthful advertising, and been upfront to the consumer regarding these "license fees," it is highly doubtful the consumer would have utilized this "free" music in the first place.

5.      On information and belief, Freeplay's business model is structured upon this misleading "bait and switch" scenario.  On information and belief, Freeplay generates a significant portion of its revenue through its aggressive

license fee demands, coupled with threats of copyright infringement litigation. Individual consumers, caught completely unaware, are squeezed into paying Freeplay – typically for far more than Freeplay would or could have charged for a license in the first place. Consumers, including struggling artists and musicians, drawn to Freeplay by the promise of "free" music, generally lack the financial wherewithal to seriously challenge Freeplay's shakedown tactics.

6. Freeplay's deception of consumers is woven throughout its highly interactive website. Freeplay encourages consumers to download its "free" music and use the music in their own YouTube videos. Freeplay even offers a tool on its website to assist consumers in the creation of new videos using Freeplay's music. However, in or about October 2014, Freeplay unilaterally altered its confusing and contradictory "terms and conditions" of use – prohibiting the free use of its music on YouTube multi-channel networks ("MCNs"), such as Machinima. On information and belief, following this sudden change, Freeplay began issuing monetary demands to numerous consumers who had uploaded media on Youtube though an MCN – media that allegedly contained music subject to Freeplay's copyright.

7. Moreover, following October 2014, Freeplay began issuing aggressive demands to numerous operators of YouTube MCNs – entities that had never subscribed to Freeplay's service, downloaded Freeplay's music, or otherwise agreed to any of Freeplay's terms and conditions.

8. Machinima seeks a declaratory judgment of non-infringement of alleged copyright(s) asserted against Machinima by Freeplay. Machinima further seeks a judgment against Freeplay for its violation of the California Unfair Competition Law, in that Freeplay's business practices constitute unfair competition under California law.

## THE PARTIES

9.   Machinima is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located in West Hollywood, California.

10.  Upon information and belief, Freeplay is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in New York, New York.

11.  Defendant DOES 1 through 50, inclusive, are sued herein under fictitious names. When their true names and capacities are ascertained, Machinima will amend this complaint by inserting their true names and capacities herein.

12.  On information and belief at all times material herein each of the defendants was the agent and employee of some or all of the other defendants, and in so doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## JURISDICTION AND VENUE

13.  This action is brought, and this Court has subject matter jurisdiction, pursuant to 28 U.S.C. Sections 1331, 1338, and 2201. This Court has federal question jurisdiction in this matter in that Plaintiff seeks a declaration of rights under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

14.  Additionally, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. Section 1367 and California Business and Professions Code Section 17200 *et seq.*, specifically California Business and Professions Code Section 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be

1  necessary to restore to any person in interest any money or property, real or
2  personal, which may have been acquired by means of such unfair competition;
3  and California Business and Professions Code Section 17204, which provides for
4  actions for any relief pursuant to the Unfair Competition Law to be prosecuted
5  exclusively in a court of competent jurisdiction by any person who has suffered
6  injury in fact and has lost money or property as a result of such unfair
7  competition.

8  15. Venue lies within this Court pursuant to 28 U.S.C. Sections
9  1391(b)(2)-(3) in that Defendant is subject to the personal jurisdiction of this
10 Court in this Judicial District.  Specifically, Defendant has substantial, continuous
11 and systematic contacts with California in that Defendant directly targets business
12 activities towards consumers in California and causes harm to Plaintiff's business
13 within this District through at least the operation of Defendant's fully interactive
14 Internet website.

**FIRST CAUSE OF ACTION**

(**For Declaratory Judgment – Non-Infringement of Copyright**)

17 16. Plaintiff re-alleges herein by this reference each and every allegation
18 contained in paragraphs 1 through 15, inclusive, of this Complaint as if set forth
19 fully herein.

20 17. Plaintiff is informed and believes that Defendant claims that it owns
21 and has standing to pursue claims for infringement of certain copyrights, and that
22 Plaintiff has infringed such copyrights by using copyrighted material without
23 Defendant's permission.

24 18. Plaintiff firmly denies that it infringed upon any copyright allegedly
25 belonging to Defendant.

26 19. There is an actual and justiciable controversy between Plaintiff and
27 Defendant in that Defendant claims that Plaintiff has infringed upon Defendant's
28

copyrights. Conversely, Plaintiff denies Defendant's claims and contends that it has not infringed upon Defendant's copyrights.

20. A judicial declaration of the parties' respective rights and obligations with respect to the copyrights allegedly belonging to Defendant.

21. Plaintiff is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendant, either directly, or by inducing others to infringe, or by contributing to the infringement of others.

## SECOND CAUSE OF ACTION

**(For Violation of Unfair Competition Law [California Business & Professions Code § 17200, *et seq.*] Against All Defendants)**

22. Plaintiff re-alleges herein by this reference each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint as if set forth fully herein.

23. Plaintiff is informed and believes, and based thereon alleges that Defendant has committed and is continuing to commit unfair, unlawful and fraudulent business practices and acts constituting unfair competition against Plaintiff as defined by California Business and Professions Code Section 17200, by, among other things, exploiting deceptive business practices through the operation and marketing of its highly interactive website.

24. Plaintiff is informed and believes, and based thereon alleges that, as a direct, proximate, and foreseeable result of Defendant's conduct, as alleged above, Plaintiff has been deprived of money, property, profits, and other benefits that rightfully belong to Plaintiff including, without limitation, the advertising and branding proceeds Plaintiff would otherwise have received from the channels on its MCN, but for the conduct of Defendant. Accordingly, Plaintiff is entitled to restitution of all such money, property, profits, and other benefits.

25. Plaintiff is informed and believes, and based thereon alleges, Defendant's unfair and unlawful acts as described above are a serious and continuing threat to Plaintiff's reputation, goodwill, and financial health. If Defendant is allowed to continue its wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon alleges that, in the absence of a preliminary and permanent injunction as prayed for below Defendant and its agents, will continue to violate Plaintiff's rights by engaging in the conduct alleged above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant as follows:

**On the First Cause of Action:**

1. A declaration that Plaintiff is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendant, either directly, or by inducing others to infringe, or by contributing to the infringement of others;
2. For costs of suit incurred herein;
3. For such other and further relief as the Court may deem just and proper; and
4. For attorneys' fees as may be provided by statute;

**On the Second Cause of Action:**

1. For restitution of all money, property, profits, and other benefits acquired by Defendant by means of its unfair business practices;
2. For a preliminary and permanent injunction enjoining Defendant, and its officers, agents, servants, employees, assigns, representatives, and all those acting in concert or participating with them, from engaging in, committing, or performing, directly or indirectly, unfair

competition as defined in California Business and Professions Code Section 17200 *et seq.*, including, but not limited to, the acts and practices alleged in this Complaint;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 9, 2015                    FREEDMAN + TAITELMAN, LLP


                                           By:   /s/ Bryan J. Freedman
                                                 Bryan J. Freedman
                                                 Sean M. Hardy,
                                                 Attorneys for Plaintiff
                                                 Machinima, Inc.